[Civ. No. 1955.  Second Appellate District.—July 24, 1916.]

## GWYNN E. HOPKINS, Respondent, v. CHARLES L. SANDERSON et al., Appellants.

SCHOOL LAW—OFFER OF EMPLOYMENT OF LIBRARIAN—FAILURE TO ACCEPT IN TIME—SECTION 1617, POLITICAL CODE.—Even though section 1617 of the Political Code, providing that "any teacher who shall fail to signify his acceptance [of a school position] within twenty days after such election, shall be deemed to have declined the same," be held not to apply to the position of librarian, it is within the right of the board of trustees of a school district to require one seeking such position to give notice of acceptance within the time provided by said section, and where the board in its offer of such position requires acceptance to be made within twenty days, under the belief that said section applies, but the applicant fails to accept within said time, there is no employment, and no salary can be recovered.

ID.—OFFER OF EMPLOYMENT—EVIDENCE.—Where a written notice of the employment of a party as librarian of a school district stated that it was given under section 1617 of the California school code, and that an acceptance was required under said section within twenty days, and that failure to comply with such provision rendered the position vacant, it was sufficiently made to appear that the employment was conditional upon acceptance within the time prescribed, although no demand was made for the production of the original notice, where the president of the school board, without objection, was permitted to testify that the board of trustees elected the plaintiff with the proviso outlined in the notice.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, Hugh Gordon, Deputy County Counsel, and Frederick W. Smith, for Appellants.

M. P. Hopkins, for Respondent.

JAMES, J.—The plaintiff herein was awarded in the trial court a writ of mandate to compel the payment to her of certain money which she alleged was due her for three months' services as librarian for the Whittier Union High School District.  She alleges that she was employed by the board of trustees of said district on the fourth day of June, 1915.  This

employment was denied on the part of the defendants, and it was alleged affirmatively that there had been an offer made to the plaintiff to employ her in the capacity of librarian, said offer being made with the express condition that notice of acceptance should be furnished within twenty days, and that no such notice was furnished within said time. On behalf of the plaintiff there was introduced in evidence a minute record of the board of trustees of a meeting held on June 4, 1915, wherein the employment of various persons as teachers and in other capacities was recorded, the plaintiff being one of the number mentioned in that minute. Upon this proof plaintiff rested as having made out a *prima facie* case. In the answer a copy of the document which it was alleged had been sent to the plaintiff, notifying her of her employment as librarian, was set out. An affidavit contradicting the genuineness and due execution of the instrument was filed, raising an issue as to that matter. That notice contained the following provision: "This notice is in conformity with section 1617 of the California School Code. An acceptance of same is required under provisions of same section, within twenty days. Failure to comply with such provision renders the position vacant." The original notice was not introduced in evidence. When the defendants sought to prove by an officer of the school board that the notice as alleged had been sent to the plaintiff, it was objected that no demand had been made for the production of the original, and that secondary evidence to establish the fact was not proper to be received. There was considerable argument had at the trial upon the question raised by the objection. However, without objection, the president of the school board was permitted to testify that the board of trustees elected the plaintiff with the proviso as outlined in a notice which was sent to her,—that ratification or acceptance by the employee must be signed and returned within twenty days, or the office would become vacant. It was, therefore, sufficiently made to appear that the employment of the petitioner as made by the board at its meeting of June 4, 1915, was conditional upon notice of acceptance being received within twenty days thereafter. As we have before stated, it was not contended that there was any such acceptance within the time provided; in fact, the express testimony showed that the plaintiff did not attempt to comply with the requirement until after the twenty days had expired.

The board then refused to consider her acceptance as being within time and refused to certify to her employment. It is said that the offer of employment requiring acceptance within twenty days only applied to teachers, citing section 1617 of the Political Code. That section in its provisions relating to the acceptance of school positions does refer only to teachers when it declares: "provided, further, that any teacher who shall fail to signify his acceptance within twenty days after such election shall be deemed to have declined the same. . . . " The trial judge seems to have agreed with this contention when he found that the employment of the petitioner was completed at the time of the meeting of the board of trustees. In support of such determination the argument is that as the board of trustees was not required in the case of employees other than teachers to demand that notice of acceptance be given within twenty days, the engagement of such other employees would be complete at the time of the adoption of the resolution selecting them. We are not in accord with the trial court in this conclusion. It was undoubtedly within the right of the board of trustees to require a notice of acceptance to be given on the part of the person proposed to be employed; and whether the section of the school law referred to required it or not, it was without question the belief of the board that the section did so require it, and it was their intent when the notice of selection was sent to the plaintiff that the employment should not be completed until the plaintiff had notified the board that she would accept their offer. If such a condition were wholly unauthorized, then where the board did make the condition it would follow, not that the contract of employment was completed at the time the resolution was adopted, but that there was no employment, as it was wholly without the intent of the board at that time so to make it complete. We think the trial judge was in error as to his conclusion, and that the plaintiff, not having accepted the position offered to her within the time limited, was not entitled to the salary attached to the position.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.